■ FIRST WESTCHESTER NATIONAL BANK et al., as Trustees under the Will of ANNA L. BISLAND, Deceased, on Behalf of Themselves and All Stockholders of Kensington Plaza Garages, Inc., Similarly Situated, Appellants, v. ARTHUR S. OLSEN et al., Respondents.— In a stockholders' derivative action: (a) to impress a trust on a sublease to premises occupied by the corporate defendant, which the individual defendants took in their individual names instead of in the name of the corporation; (b) to recover damages for such seizure of an opportunity belonging to the corporation; (c) to recover for the unauthorized and excessive salaries taken by the individual defendants; and (d) for other relief, plaintiffs appeal from the following four orders of the Supreme Court, Westchester County: (1) an order, dated May 17, 1960, insofar as it grants defendants leave to serve an amended answer; (2) an order, dated June 23, 1960, denying plaintiffs' motion to resettle the first order of May 17, 1960, and directing plaintiffs to accept the amended answer, verified May 11, 1960; (3) an order, dated October 31, 1960, denying plaintiffs' motion to resettle the second order of June 23, 1960; (4) an order, dated October 31, 1960, denying plaintiffs' motion to strike out portions of the amended answer pursuant to rules 102, 103 and 109 of the Rules of Civil Practice. Order No. 1, insofar as appealed from, affirmed, without costs. Order No. 2 modified by granting plaintiffs' motion to resettle the first order of May 17, 1960, to the extent of reciting the complaint and reciting the reply affidavit of attorney Schwartz, verified April 20, 1960, as having been read on the motion; as so modified, the said order No. 2 is affirmed, without costs. Order No. 3 modified by granting plaintiffs' motion to resettle the second order of June 23, 1960, by reciting the affidavit of attorney Hornstein, verified May 24, 1960, in opposition to the motion; as so modified, the said order No. 3 is affirmed, without costs. Order No. 4 modified by granting plaintiffs' motion to the extent of labeling the first, second and fourth defenses as partial instead of complete defenses; and by labeling the second and fourth defenses as partial defenses to the entire complaint and not merely to certain paragraphs of the complaint. As so modified, the said order No. 4 is affirmed, without costs. The first, second and fourth affirmative defenses are defenses to part of the complaint only and, therefore, should be labeled as partial rather than complete defenses. Furthermore, a defense to certain paragraphs of a complaint only, is unauthorized. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.